# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ZENAIDA CALDERIN, | |
| Plaintiff, | |
| v. | Case No.   14 cv |
| YAHOO! INC., | TRIAL BY JURY REQUESTED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Zenaida Calderin ("Calderin"), by her attorneys, bring this action on behalf of herself and all other persons similarly situated against Defendant, Yahoo! Inc. ("Yahoo"). In support of her Class Action Complaint, Calderin states:

## PRELIMINARY STATEMENT

1. This case challenges Yahoo's practice of violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., in furtherance of Yahoo's marketing efforts by sending unsolicited and unauthorized advertising texts to cellular phones without prior express consent via an automatic dialing system.

2. The TCPA prohibits a person or entity from using an automatic dialing system or artificial or prerecorded voice to send text messages to cellular phones without the recipient's prior express consent.

3. Yahoo's practice is willful and intentionally directed to cellular phones and/or mobile devices and is a direct violation of the TCPA.

4. The TCPA provides a private right of action and provides statutory damages of $500-1500 per violation.

5. On behalf of herself and all others similarly situated, Calderin brings this case as a class action asserting a claim against Yahoo under the TCPA.

## PARTIES

6. Calderin is a resident of Illinois and maintains her domicile in Cook County, Illinois.

7. Yahoo is a Delaware corporation and maintains its headquarters in Sunnyvale, California. CT Corporation System is Yahoo's registered agent in Illinois.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Yahoo's violation of the TCPA presents a federal question.

9. Venue is proper in this District under 28 U.S.C. § 1391 because Yahoo's violation of the TCPA took place in this District.

## DEMAND FOR JURY TRIAL

10. Pursuant to Federal Rule of Civil Procedure 38(b)(1), Calderin requests a trial by jury on the claims so triable.

## FACTS

11. On or about April 7, 2014, Calderin received an unsolicited marketing text from Yahoo on her cellular phone.

12. Yahoo sent the unsolicited marketing text to Calderin's cellular phone number from an automated dialing system. The unsolicited text to Calderin's cellular phone number had the single purpose of promoting Yahoo's services. Calderin received Yahoo's unsolicited marketing text because she was sent a message from a Yahoo user via Yahoo's Messenger service. Calderin is not a user of Yahoo's Messenger service. The unsolicited marketing text

notified her that she had received a text from a Yahoo user and contained an advertising link to Yahoo's website.

13. Calderin did not authorize the automated delivery of texts to her cellular phone number by Yahoo. Calderin did not consent to receiving marketing texts from Yahoo.

14. Yahoo sent numerous similar unsolicited marketing texts to many similarly situated persons and, therefore, should be liable for statutory damages under the TCPA. Yahoo should also be enjoined from committing similar violations in the future.

## COUNT I
## (VIOLATION OF THE TCPA)

15. Calderin realleges paragraphs 1 through 14.

16. The TCPA makes unlawful the use of automated telephone equipment to send texts to any number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

17. The Federal Communications Commission ("FCC") has required entities to obtain prior express written consent before sending texts to cellular phone numbers which advertise the commercial availability of goods or services. 47 C.F.R. § 64.1200.

18. The TCPA, 47 U.S.C. § 227(b)(3), provides:

> (3) PRIVATE RIGHT OF ACTION. A person or entity may, if otherwise permitted by the laws or rules of a court of a State, bring in an appropriate court of that State:
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.

19. The Court, it its discretion, can treble the statutory damages if the violation was willful or knowing. 47 U.S.C. § 227.

20. Calderin and each class member were damaged by Yahoo's unsolicited marketing texts, which were made via an automated dialing system.

21. Calderin and each class member are entitled to statutory damages.

22. Yahoo violated the TCPA even if its actions were only negligent.

23. Yahoo should be enjoined from committing similar violations in the future.

24. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), Calderin brings this claim on behalf of a class, consisting of:

    a. All persons who: (i) from on or after four years prior to the filing of this action, (ii) were recipients of texts to their cellular phone numbers advertising the commercial availability of any property, goods, or services by or on behalf of Yahoo, and (iii) with respect to whom Yahoo cannot provide evidence of prior express written consent.

25. The class is so numerous that joinder of all members is impractical. Calderin alleges on information and belief that there are thousands of members of the class.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.

27. Calderin will fairly and adequately protect the interests of the class. Calderin has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Calderin nor her counsel have any interests adverse to or in conflict with the absent class members.

28. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, Calderin, individually and on behalf of all others similarly situated, respectfully requests that this Court enter judgment in their favor and against Yahoo as follows:

a. Adjudge and decree that the present case may be properly maintained as a class action, appoint the Calderin as the representative of the class, and appoint the Calderin's counsel as class counsel;

b. Award $500.00 in statutory damages for each violation of the TCPA;

c. Award $1,500.00 in statutory damages for each willful violation of the TCPA;

d. Enter an injunction prohibiting Yahoo from engaging in the statutory violations at issue in this action; and

e. Award costs and such further relief as the Court may deem just and proper.

ZENAIDA CALDERIN

By:_/s/ Vincent L. DiTommaso
   Vincent L. DiTommaso

Vincent L. DiTommaso
Peter S. Lubin
John Auchter
DITOMMASO ♦ LUBIN, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
vdt@ditommasolaw.com

Alexander I. Arezina
728 W. Grand Ave.
Chicago, IL 60610
(312) 437-1982
alex@arezinalaw.com